IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTURO BOYCE, | : | CIVIL ACTION NO. **4:CV-09-2254** |
| Petitioner, | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| ERIC HOLDER, et al., | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural History.**

On November 16, 2009, the Petitioner, Arturo Boyce, a detainee of the Bureau of Immigration and Customs Enforcement ("BICE") at the York County Prison ("YCP"), York, Pennsylvania filed, *pro se*, this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] The Petitioner's motion to proceed *in forma pauperis* was denied, and the Petitioner paid the filing fee. (Docs. 10 and 11).

The Petitioner's Motion for the Appointment of Counsel was denied by the Court on November 18, 2009. (Doc. 5).

Named as Respondents are Mary Sabol, Warden at YCP, Eric Holder, U.S. Attorney General, Thomas Decker, BICE District Director, John Torres, Acting Assistant Secretary of BICE, and Janet Napolitano, Secretary of DHS. (Doc. 1).[2]

---

[1]As Petitioner recognizes (Doc. 1), this Court has venue and jurisdiction with respect to his habeas petition challenging his continued physical custody by BICE at YCP. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (finding that a petition pursuant to 28 U.S.C. § 2241 challenging an alien's present physical custody in the United States should be filed in the district where the petitioner is confined).

[2]Warden Sabol is the only proper Respondent with respect to Petitioner's habeas petition. *See* 28 U.S.C. §§ 2242 and 2243. *See also Jado v. Decker*, 2009 WL 1456595, *1, n. 1 (M.D. Pa.)("The only properly named Respondent in a federal habeas corpus action is the applicant's custodial official.").

-1-

On December 3, 2009, we issued an Order to Show Cause directing the Respondents to show cause as to why the Petitioner should not be granted habeas corpus relief. (Doc. 12).

On December 23, 2009, the Respondents filed their response to the habeas petition with attached exhibits. (Docs. 22, 22-2, 22-3 and 22-4).

On January 2, 2010, the Petitioner obtained counsel, and his counsel's appearance was entered. (Doc. 24). On January 3, 2010, the Petitioner, through his counsel, filed a Reply to the Respondent's Response. (Doc. 25).

For the reasons set forth below, we will recommend that Petitioner's habeas petition be denied. However, we will recommend that Petitioner be given another custody review within the next 30 days.

**II. Background.**

Petitioner states that he has been detained by BICE since September 10, 2008. (Doc. 1, p. 2, ¶ 1.). The record substantiates this fact. (Doc. 22, Ex. 1). At the time of filing his habeas petition, Petitioner was detained by BICE continuously over fourteen (14) months, and he is still currently being detained by BICE at YCP, a total of about 17 months. (*See* Doc. 25).

The Petitioner is a native and citizen of Panama. (Doc. 1). He was admitted to the United States as a minor in 1962. On September 10, 2008, BICE served the Petitioner with a Notice to Appear ("NTA"), charging him with being subject to removal pursuant to § 237(a)(2)(A)(iii) for a conviction relating to drug crimes including trafficking and attempt or conspiracy to commit an offense as described by § 101(a)(43) of the Act. (Doc. 22, Ex. 1 and Ex. 2).

On November 13, 2008, the Petitioner appeared before an Immigration Judge ("IJ") with counsel, but he opted to proceed *pro se.* (Doc. 22, Ex. 4). Petitioner admitted that he was convicted on October 18, 1991, in the in the U.S. District Court for the Eastern District of New York, on charges of conspiracy to distribute in excess of 100 grams of heroin and

500 grams of cocaine in violation of 21 U.S.C. § 846. (Doc. 22, Ex. 4). He also admitted he had been detained in federal custody since 1989 as a result of his federal drug conviction. (Doc, 22, Ex. 4).[3]

On December 10, 2008, the Immigration Judge issued an Order, concluding that as a result of the Petitioner's federal drug conviction, he was removable to Panama based on the second and third charges set forth in the NTA. (Doc. 22, Exs. 3 and 4). The IJ also found that the Petitioner was not eligible for any relief from the removal. (Doc. 22, Exs. 3 and 4). The Petitioner waived his right to appeal the IJ's removal order, thereby making it final on that date, *i.e.* December 10, 2008. (Doc. 1 at ¶ 6 and Doc. 22, pp. 2-3).

On June 23, 2009, the Petitioner filed a Motion to Reconsider the IJ's December 10, 2008 Removal Order. (Doc. 22, Ex. 4). The Immigration Judge denied this motion on June 30, 2009, finding that the motion was not timely filed, and that the decision for removal was based upon the Petitioner's own admissions. (Doc. 22, Ex. 4).

On July 10, 2009, BICE held a custody review of the Petitioner's status and issued a Decision to Continue Detention. (Doc. 22, Ex. 5). The Decision, signed by the HQCMU Acting Chief, stated that BICE was currently working with the Embassy of Panama to obtain travel documents to effect the Petitioner's removal from the United States and that it expected these documents would be issued and removal would occur in the reasonably foreseeable future. (Doc. 22, Ex. 5). Specifically, the Decision stated:

> You are a native and citizen of Panama. You entered the United States on or about September 09, 1962 at Los Angeles, California as an Immigrant. You have been arrested and convicted for Conspiracy to Distribute Narcotics, Narcotics Violation, Conspiracy to Distribute in Excess of 100 Grams of Heroin, Attempted Criminal Possession of Stolen property, Possession with Intent to Distribute Heroin, Rape, Petit Larceny, Possession of Altered Vehicle Identification Number and Violation of Probation. You were ordered removed from the United States by an immigration judge on December 10, 2008. ICE is currently working with the Embassy of Panama to obtain a travel document to effect your removal from the Untied States. ICE expects that a travel document will be issued for you and that your removal will occur

---

[3]BICE did not detain Petitioner until September 10, 2008, afer he served his 262 month federal prison sentence.

-3-

in the reasonably foreseeable future.

(*Id*.).

The Decision also indicated that it did not "preclude [Petitioner ] from bringing forth evidence in the future to demonstrate a good reason why [his] removal is unlikely." (*Id*.).

## III. Claims of Habeas Petition.

The Petitioner claims that because he was ordered to be removed to Panama on December 10, 2008, the six month presumptively reasonable removal period ended on June 10, 2009, and thus his continued detention is unconstitutional. (Doc. 1). He claims that his continued detention is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1, ¶'s 19-20, 22). The Petitioner also argues that his continued detention, without a meaningful custody review, violates his right of substantive due process and procedural due process. (Doc. 1, ¶'s 24-25, 27). As relief, Petitioner requests that this Court grant him a Writ of Habeas Corpus directing Respondents to release him from custody. He also requests that the Court issue a preliminary and permanent injunction barring the Respondents from further unlawful detention of the Petitioner, and that the Court award him attorney's fees and costs. (Doc. 1).

For the reasons stated below, we recommend that the petition for a Writ of Habeas Corpus be DENIED and order that the Respondents conduct a custody review within the next thirty (30) days.

## III. Discussion.

The Petitioner was taken into BICE custody on September 10, 2008. It is clear that Petitioner's presumptive six-month period has expired since the issuance of his December 10, 2008 final Order of Removal. (Doc. 13, Ex. B). Also, it is undisputed that Petitioner has now been detained by BICE one year and five months, and that his last custody review by HQCMU was seven months ago.

Petitioner claims that his continued indefinite detention at YCP, after his 6-month presumptive removal period has expired, is unconstitutional under *Zadvydas,* and that it violates his due process rights since he has not been given a custody hearing and, since he is not a danger to the community or a flight risk. (Doc. 1, ¶'s 20.-21.).

In their Response, the Respondents argue that the Petitioner's detention is lawful and authorized pursuant to post-order of removal detention statute of the INA, 8 U.S.C. §1231(a). (Doc. 22). Respondents state that Petitioner's detention is permissible under *Zadvydas,* and indicate that the expiration of the presumptively reasonable period does not necessitate the release of Petitioner. (Doc. 22). They argue that the mere passage of time is insufficient to establish a constitutional violation and that the Petitioner has not established that Panama has denied him as a citizen or that Panama will refuse to issue a travel document for him in the near future. (Doc. 22).

In his counseled Reply to the Respondents' Response, the Petitioner contends that the Respondents fail to address his claim that he has not been provided with a meaningful custody review and reasserts his argument pursuant to *Zadvydas*. (Doc. 25). The Petitioner also reasserts his argument that the Respondents have provided no specific information as to how and when travel documents can be obtained for him or when these documents might be issued, and that thus his removal is not reasonably foreseeable. The Petitioner states, "Respondents must not be allowed to detain Petitioner indefinitely on the rationale that he has not met his burden to prove his removal is not foreseeable." (Doc. 25, p. 3). Petitioner also points out that his last custody review was over six months ago and that he has not received any further updates as to whether Panama has issued travel documents for him.

There is no dispute that a final removal order has been entered in Petitioner's case and that he has now been detained in BICE custody after his six-month presumptive removal period has expired. However, we agree with Respondents (Doc. 22) that simply because Petitioner's presumptive six-month period has expired, he is not automatically entitled to be released on supervision while he awaits his removal to Panama.

Once an alien is ordered removed by BICE, the Attorney General has ninety (90) days to effectuate the removal of the alien. This is called the removal period. 8 U.S.C. § 1231 (a)(1)(A). Under the statute:

> (B) The removal period begins on the latest of the following:
>
> (i) **The date the order of removal becomes administratively final.**
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (Emphasis added).[4] *See French v. Ashcroft*, 2005 WL 1309062 at *2 (M.D. Pa.); *Jurado-Delgado v. Hogan*, 2007 WL 1490717, *3 (M.D. Pa.).

In *Zadvydas*, 533 U.S. at 689, the Court held that "the statute [§241 (a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689. "At the conclusion of the removal period, if the alien remains in the United States, his post-removal-period detention may be continued only as long as 'reasonably necessary' to effectuate his removal from the United states." *Jurado-Delgado v. Hogan*, 2007 WL 1490717, *3 (citing *Zadvydas*, 533 U.S. at 689).

In *Rodney v. Mukasey*, 2009 WL 2430885, *3 (3d Cir.), the Third Circuit stated:

> The Attorney General has 90 days to remove Rodney from the United States after his final order of removal. 8 U.S.C. § 1231(a)(1)(A). However, in *Zadvydas,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize post-removal order detention of an alien convicted of an aggravated felony to a period reasonably necessary to bring about the alien's removal, generally no more than six months. *Id*. at 700-01.FN4 After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id*.

---

[4]During the removal period, the Attorney General must detain the alien. 8 U.S.C. § 1231(a)(2). If the alien is not removed during the removal period, the Attorney General has two options -- supervised release (8 U.S.C. §§ 1231(a)(3)) or, at times, continued detention (8 U.S.C. §1231(a)(6)). Our Petitioner's six-month removal period has expired since his final removal order was entered on December 10, 2008. (Doc. 22, Ex. 3).

> FN4. The statute provides: "An alien ordered removed who is ... removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title ... may be detained beyond the removal period...." 8 U.S.C. § 1231(a)(6).

In response to *Zadvydas,* as Respondents indicate, BICE adopted 8 C.F.R. § 241.4(k), which provides that prior to the expiration of the ninety (90) day removal period, the appropriate BICE district director shall conduct a custody review for aliens who cannot be removed during the prescribed period and make a determination as to whether the detainee should be released pending removal. When release is denied, the district director may retain responsibility for the alien up to three months or refer the alien to BICE's Headquarters Post-order Detention Unit (HQPDU).

Special review procedures apply following the transfer of an alien's case to the HQPDU. *See* 8 C.F.R. § 241.13. Specifically, an eligible alien may make a written request for release to the HQPDU "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).

Within ten (10) business days of receipt of the request, the HQPDU must provide the alien with a written response acknowledging receipt of his request and explaining the procedures that will be used to evaluate the request. 8 C.F.R. § 241.13(e)(1). The HQPDU may grant an interview to the alien if such an interview would "provide assistance in rendering a decision." 8 C.F.R. § 241.13(e)(5). The factors that the HQPDU must consider include: the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question, and the receiving country's willingness to accept the alien into its territory. 8 C.F.R. § 241.13(f). The Regulation further provides that the "HQPDU shall issue a written decision based on the

administrative record, including any documentation provided by the alien, regarding the likelihood of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances. The HQPDU shall provide the decision to the alien, with a copy to counsel of record, by regular mail." 8 C.F.R. § 241.13(g).

In the present case, we find no violation of *Zadvydas*. Our Petitioner was convicted of drug-related offenses and he is subject to a final removal order. Although the six-month presumptive period has passed and his detention has continued beyond one year, the Petitioner is not automatically entitled to be released. See *Zadvydas*, 533 U.S. at 701. As Respondents point out, Petitioner fails to provide any evidence that Panama has denied him as a citizen or that Panama will refuse to issue the appropriate travel documentation for him.

The Petitioner claims that because he has cooperated with all requests for information from BICE in attempts to obtain his travel documentation, it is BICE's "responsibility to either advance the removal process or release Petitioner on an order of supervised release." (Doc. 25 at 3). However, the burden is on the alien "to provide [ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future...." *Barenboy v. Attorney General of U.S.*, 160 Fed.Appx. 258, 261 (3d Cir. 2005)(citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Once the alien meets this burden, the burden shifts to the government which must respond with sufficient evidence to rebut that showing. *Id*. "Not every alien must be released after six months. An alien may still be detained beyond six months 'until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Peynado v. BICE*, 2009 WL 136749, *3 (M.D. Pa.)(citation omitted).

If the Petitioner believes he is unlikely to be removed in the near future, he may request that the Department of Homeland Security review his case. *See* 8 C.F.R. § 241.13. He may also file another habeas petition if he can show that his removal to Panama is not likely to occur in the reasonably foreseeable future. At the present time, we agree with Respondents and find that Petitioner has not presented any evidence to demonstrate a good

reason why his removal is unlikely to occur in the reasonably foreseeable future or that Panama will not issue travel documents for him.

We thus find that Petitioner can submit a request for release with BICE under 8 C.F.R. § 241.13, *et seq.,* since his six-month presumptively reasonable removal period has expired.[5] *Peynado v. BICE*, 2009 WL 136749, *3 . Thus, we find that Petitioner's recourse is to submit a request for release with BICE under § 241.13, *et seq. See French v. Ashcroft,* 2005 WL 1309062 (M.D. Pa.)*; Jado, supra; Peynado v. BICE*, 2009 WL 136749, *3. Petitioner will have the opportunity to provide any evidence to support his claim that his removal to Panama will not likely occur in the foreseeable future and that Panama will not issue him travel documents anytime soon.

As the Court stated in *Van v. BICE*, 2007 WL 1703415, *2 (M.D. Pa. 2007):

> Following *Zadvydas*, regulations were promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4. Prior to the expiration of the mandatory ninety day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i). When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the aliens' belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(d)(1).

*See also Hussain v. Sabol*, 2010 WL 378515, *3 (M.D. Pa.).

Therefore, we will recommend that Petitioner's habeas petition be denied with respect to his *Zadvydas* claim.

---

[5]Section 241.13 sets forth procedures for determining whether there is a significant likelihood of removing a detained alien, subject to a final order of removal, in the reasonably foreseeable future. The alien must submit a written request for release with the BICE asserting the basis for his belief that there is no significant likelihood of his removal. 8 C.F.R. § 241.13 (d)(1).

*2. Due Process Claims*

In *Walton v. Sabol*, 2009 WL 2568048, *4 (M.D. Pa.), the Court indicated as follows:

> In *Zadvydas,* the Supreme Court considered a due process challenge to 8 U.S.C. § 1231, which governs detention of aliens following a final order of removal. Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory. The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas,* 533 U.S. at 689. "[Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention." *Id.* at 701. If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* Not every alien must be released after six months. An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner admits, and Respondents' exhibit shows (Doc. 22, Ex. 5), that he received a custody review by HQCMU in July of 2009. There has not been any evidence submitted by Petitioner to show that this custody review was not meaningful or that it failed to meet due process requirements. However, seven months have passed since Petitioner's last custody review, and as he points out, he has not received any further communications and or other updates as to whether the government obtained travel documents from him. (Doc. 25). The record shows that Petitioner had a Post Final Removal Order Custody Review ("POCR") on July 10, 2009, and that HQCMU issued a Decision to Continue his Detention. (Doc. 22, Ex. 5). The Petitioner argues that the Respondents failed to provide a neutral decision maker to review his continued detention and that they have failed to acknowledge or act upon his administrative request for release in a timely manner. (Doc. 1, ¶ 27). He further claims there is "no administrative mechanism request in place for the Petitioner to demand a decision, ensure that a decision will be made, or appeal a custody decision that violates Zadvydas." *(Id.)*.

As mentioned, the Petitioner has not submitted any evidence to support his stated due process claims. There is no evidence that HQCMU's July 10, 2009 Decision to Continue the Detention of Petitioner was arbitrary and capricious. However, we will recommend that the

District Court direct BICE to schedule another custody review for Petitioner within thirty (30) days and to give prior notice of the custody review to both Petitioner and his attorney. Thus, Petitioner will receive another custody review in about one month, mid-March 2010. At that time, the Petitioner can present any evidence he has to support his release from custody and to show that his removal to Panama is not likely to occur in the reasonably foreseeable future. Petitioner will also be able to present any evidence he has to dispute the government's finding that it expects to obtain a travel document for him and that his removal to Panama will occur in the reasonably foreseeable future.

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition, to the extent that it challenges his continued detention as unconstitutional (*i.e. Zadvydas* claim), be denied. It is also recommended that Petitioner's due process claims be denied. Further, it is recommended that BICE be directed to schedule another custody review for Petitioner within thirty (30) days, and that BICE be directed to provide Petitioner and his attorney with advance notice of it.

                    **s/ Thomas M. Blewitt**
                    **THOMAS M. BLEWITT**
                    **United States Magistrate Judge**

**Dated: February 18, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTURO BOYCE, | CIVIL ACTION NO. **4:CV-09-2254** |
| Petitioner, | (Judge McClure) |
| v. | (Magistrate Judge Blewitt) |
| ERIC HOLDER, et al., | |
| Respondents. | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **February 18, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                     **s/ Thomas M. Blewitt**
                                                     **THOMAS M. BLEWITT**
                                                     **United States Magistrate Judge**

**Dated: February 18, 2010**